UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HEDAY H. KATAOKA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:05CV00339ERW |
| STATE OF NEBRASKA, et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b). Defendant Darla Wieser-Zumm filed her Motion to Dismiss [doc. #16] on July 25, 2005. The State of Nebraska and Judge William B. Zastera filed a Motion to Dismiss [doc. #20] on August 3, 2005. Finally, Defendants State of Nebraska Referee Susan M. Symonds, Deputy County Attorney Bill McKenzie, Carll Kretsinger, Rick Whitworth, and the Sarpy County Nebraska Clerk's Office filed their Motion to Dismiss [doc. #36] on August 15, 2005. Defendant Robert Wieser has not replied to Plaintiff's Complaint.[1]

Plaintiff apparently seeks damages for Fifth and Fourteenth Amendment violations against the State of Nebraska, Judge Zastera, Referee Susan M. Symonds, Deputy County Attorney Bill McKenzie, and the Sarpy County Clerk's Office. He alleges various criminal charges against Defendant Darla Wieser-Zumm. His claims against Carll Kretsinger, Robert Wieser and Rick Whitworth are indiscernible from a plain reading of the face of the Complaint. For the reasons

---

[1] Craig Borlin was named as a defendant in the caption of this case. However despite several continuances, he was never served. Therefore, the claim against Craig Borlin is dismissed without prejudice. Fed. R. Civ. P. 4(m).

1

below, Defendants' Motion to Dismiss is granted.

**I. BACKGROUND**

Plaintiff alleges that he met Defendant Wieser-Zumm in 1982 in a Nebraska restaurant. After this meeting, Wieser-Zumm attended one of Plaintiff's concerts, took him back to her home, and coerced him into having sex with her. Plaintiff alleges that for one year Wieser-Zumm stalked him and sent him several "fan letters that were really crazy." After not hearing from Wieser-Zumm for the next thirteen years, she appeared at a concert where Plaintiff was performing with the John Michael Montgomery Band. Having snuck past the security, Wiester-Zumm drove Plaintiff to a restaurant and bought him a drink. She then led him to a hotel room, where, despite Plaintiff's protests, she allegedly forced him to have sex with her.

Wieser-Zumm became pregnant after this encounter, but allegedly promised to not seek child support. Wieser-Zumm's husband's name appears on the child's birth certificate. However, in 2003, Wieser-Zumm filed suit in a Nebraska District Court seeking child support.

After a DNA test was ordered, the Sarpy County Nebraska Clerk's Office allegedly told Plaintiff that he must submit to the test or go to jail. Furthermore, Referee Susan M. Symonds denied Plaintiff's request to postpone the hearing date due to emergency illness and did not review certain documents he submitted for the child support case. Plaintiff further alleges that Deputy County Attorney McKenzie and the Sarpy County Clerk's Office gave him improper advice regarding his failure to respond to a court notice. Finally, Plaintiff claims that Wieser-Zumm continues to stalk him today.

**II. MOTION TO DISMISS STANDARD**

In a motion to dismiss, the court must assume that all allegations in the complaint are true

2

and construe all reasonable inferences in the plaintiff's favor. *Hafley v. Lohman*, 90 F.3d 264, 267 (8th Cir. 1996) (citing *McCormack v. Citibank*, N.A., 979 F.2d 643, 646 (8th Cir. 1992)). However, a complaint should be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In order to avoid a motion to dismiss, a plaintiff must state sufficient facts in the complaint to show that the defendants can be subjected to jurisdiction in Missouri. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004) (citation omitted).

**III.   ANALYSIS**[2]

Plaintiff's Complaint alleges, among other things, that he was denied a Japanese interpreter and the right to a fair trial by Judge Zastera. He further alleges that Defendant Symonds denied Plaintiff's request to postpone the hearing date due to emergency illness and did not review certain documents he submitted for the child support case. Plaintiff claims that Deputy County Attorney McKenzie gave him improper advice regarding his failure to respond to a court notice. He also alleges that the Sarpy County Nebraska Clerk's Office told him that he must submit to a DNA test or go to jail. It is unclear from the Complaint what Plaintiff claims against the State of Nebraska, Carll Kretsinger, Rick Whitworth, and Robert Wieser.[3] Finally, Plaintiff alleges several criminal violations against Defendant Wieser-Zumm. Because this Court lacks

---

[2]All references to and allegations against the Defendants in this Order are vague due to the minimal amount of information made available to the Court in the Complaint and Motions to Dismiss. This Order includes all the relevant information about the Defendants that is contained in the record.

[3] Defendant Wieser did not respond to Plaintiff's Complaint. However, this does not prevent Plaintiff's Complaint from being dismissed because jurisdictional issues may be raised sua sponte by a federal court when there is an indication that subject matter jurisdiction is lacking. *See, e.g., Thomas v. Basham*, 931 F.2d 521, 522-23 (8th Cir. 1991).

jurisdiction, it will not address the merits of these issues.

Under Fed. R. Civ. P. 12(b)(2), Plaintiff lacks personal jurisdiction over all Defendants. Here, all the Defendants are residents of Nebraska and the Plaintiff is presumably a resident of Texas. Because this is a diversity case, a federal court can only exercise jurisdiction to the extent permitted by the forum state's long-arm statute and the Due Process Clause. *Dever*, 380 F.3d at 1073 (citation omitted). Because the Missouri statute permits jurisdiction over non-citizens to the maximum extent allowed under the Due Process Clause, the inquiry turns to whether this assertion of jurisdiction would violate the Due Process Clause. *Romak USA, Inc. v. Rich*, 384 F.3d 979, 984 (8th Cir. 2004) (citation omitted). To satisfy due process, a defendant must have sufficient minimum contacts with the forum state so that "maintaining a suit does not offend traditional notions of fair play and substantial justice." *Dever*, 380 F.3d at 1073 (citation omitted).

The Eighth Circuit looks at the following factors to determine whether defendants have minimum contacts with the forum state: (1) the nature and quality of defendant's contacts with the forum state, (2) the quantity of such contacts, (3) the relationship of the cause of action and the defendant's contacts, (4) the interest of the forum state in providing a forum for its residents, and (5) the convenience of the parties. *Id.* at 1073-74 (citation omitted).

Under the third factor, there are two ways to find minimum contacts: specific and general jurisdiction. *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816 (8th Cir. 1994) (citation omitted). For the court to have specific jurisdiction, there must be a relationship between the defendant's activities in the forum state and the cause of action. *Dever*, 380 F.3d at 1073 (citation omitted). "Under the theory of general jurisdiction, a court may hear a lawsuit against a

defendant who has 'continuous and systematic' contacts with the forum state, even if the injuries at issue in the lawsuit did not arise out of the defendant's activities directed at the forum." *Id.* at 1073 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984). Because the relationship between the behavior in the forum state and the cause of action is lacking, general jurisdiction requires a higher level of minimum contacts, or "continuous and systematic" activity in the forum state to satisfy the Due Process Clause. *Id.* at 1073.

Here, application of the first and second factors do not suggest minimum contacts because all of the alleged conduct occurred in Nebraska, not Missouri. Clearly, there cannot be sufficient quality or quantity of contacts when Plaintiff does not allege that Defendants have any contact with Missouri. Under the third factor, there cannot be specific jurisdiction because there is no relationship between the Defendant's conduct in the forum state and the cause of action. There is not even general jurisdiction under this factor because Plaintiff has not alleged any conduct of the Defendants in Missouri, much less the "continuous and systematic" contacts required by the Due Process Clause. The fourth factor also does not favor Plaintiff because neither he nor any of the Defendants are residents of Missouri. Therefore, Missouri has no interest in hearing Plaintiff's claim. Finally, this Court has seen no evidence that Missouri would be a convenient forum for the parties, when no party to this action resides in this state.

Because Defendants lack minimum contacts with Missouri, this Court does not have personal jurisdiction over them.[4]

---

[4] Assuming that this Court has personal jurisdiction, Plaintiff lacks subject matter jurisdiction over this case as it relates to all Defendants. Plaintiff requests that this Court overturn Judge Zastera's order regarding paternity. However, only the United States Supreme Court has jurisdiction to review state court decisions, the lower federal courts lack subject matter jurisdiction to consider federal claims that would vitiate an underlying state court judgment.

For all these reasons, Plaintiff's suit against Defendants should be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss [doc. #16, 20, and 36] are **GRANTED**.

**IT IS ORDERED** that Plaintiff's Complaint is **DISMISSED** with **PREJUDICE** as to the State of Nebraska, Susan M. Symonds, Hon. William B. Zastera, Bill MacKenzie, Carll Kretsinger, Rick Whitworth, Sarpy County Nebraska Clerk's Office, Darla-Wieser-Zumm, and Robert Wieser and **WITHOUT PREJUDICE** as to Craig Borlin.

An appropriate Order of Dismissal will accompany this Order.

Dated this 3rd day of November, 2005.

　　　　　　　　　　　　　　　　　　/s/ E. Richard Webber
　　　　　　　　　　　　　　　　　　E. RICHARD WEBBER
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

*Johnson v. City of Shorewood, Minnesota*, 360 F.3d 810, 818 (8th Cir. 2004) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)). This principle, known as the Rooker-Feldman doctrine, applies whenever a federal claim can succeed only if the state court wrongly decided issues before it. *Simes v. Huckabee*, 354 F.3d 823, 827 (8th Cir.2004) (citation omitted). Because Plaintiff requests that this Court overturn a state court order, the Court lacks subject matter jurisdiction over this claim pursuant to the Rooker-Feldman doctrine.